Richard Leonard JELKS, Petitioner—Appellant,

v.

Larry SMALL, Warden; Bill Lockyer, Attorney General, Attorney General of the State of California, Respondents—Appellees.

No. 02–56239.

D.C. No. CV–01–00069–VAP.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2003.*

Decided Aug. 13, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

738

Before NOONAN, KLEINFELD, and WARDLAW, Circuit Judges.

MEMORANDUM **

Richard Jelks appeals the district court's denial of his petition for habeas corpus. We affirm the judgment of the district court.

Because Jelks's petition was filed after April 24, 1996, the amendments to U.S.C. § 2254 under the Antiterrorism and Effec-

tive Death Penalty Act apply. *Van Tran v. Lindsey,* 212 F.3d 1143, 1148 (9th Cir. 2000), *cert. denied,* 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

A state court's error in applying a state rule can have constitutional implications where a fundamental element of due process is violated. *See e.g., Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). The erroneous exclusion of critical, corroborative defense evidence may violate both the Fifth and the Sixth Amendments. *Id.* at 294, 93 S.Ct. 1038. The accused, however, is not guaranteed the right to present all evidence, but only that admissible under standard rules of evidence. *Montana v. Egelhoff,* 518 U.S. 37, 42–43, 52, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996).

█ Although some judges would have admitted the gunshot residue test results and allowed the jury to decide the credibility of the Jelks's self-defense justification, the question before us is whether it was an unreasonable application of Supreme Court precedent for the state courts to have concluded that the trial court's evidentiary ruling did not violate petitioner's constitutional right to present a defense. *See Wiggins v. Smith,* — U.S. ——, ——, 123 S.Ct. 2527, 2534, 156 L.Ed.2d 471, (2003). The decision was not an unreasonable application.

*Prosecutorial misconduct claim*

█ Several of the prosecutor's statements in her closing argument are troubling. The prosecutor's statement to the jury, "the defense apparently chose instead of submitting the evidence to you, they would rather step back and argue that there must be something there because it wasn't presented," was directly

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

contrary to what the prosecutor knew to be the truth: that Jelks had attempted to introduce expert testimony to support his self-defense justification. When the prosecutor characterized the victim as "an unarmed man" who "had no weapon," she knew that the gunshot powder residue on the victim's hands tended to show the contrary. She took advantage of the court's ruling the evidence on the gunshot residue inadmissible to give the impression that any such test results were unfavorable to Jelks's case, when she knew that they were favorable to his defense.

It is improper for the prosecutor to suggest inferences she knows to be false or has very strong reason to doubt. *See United States v. Blueford,* 312 F.3d 962, 968 (9th Cir.2002). Here, however, the prosecutor's statements did not so infect the trial with unfairness as to make the resulting conviction a violation of due process. *See Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (citation omitted).

The district court's decision on this ground is, accordingly, AFFIRMED.